## EDGINGTON v VAN CAMP

Ohio Appeals, 2nd Dist, Franklin Co

No 2122.   Decided Feb 16, 1932

A. G. and R. E. Fuller, Findlay, for plaintiff in error.

Knepper, White, Smith & Dempsey, Columbus, for defendants in error.

ALLREAD, J.

This was an action in the court below by T. H. Van Camp against Edgington to recover upon a contract for the payment of certain asphaltic road material. The case was tried in the Court of Common Pleas and resulted in a verdict in favor of plaintiff in the sum of $1226.23. A motion for a new trial was filed and overruled and judgment entered on the verdict. Edgington prosecutes error. Several assignments of error are made. The first objection is to the so-called quotient verdict. It so happens that the verdict was for one-half of the amount claimed. Contention is made in this court that the jury must have agreed to return this verdict without regard to the merits thereof. We think this can not be inferred in the absence of evidence. There is no evidence upon this proposition and we are compelled to assume that the jury must have considered and determined upon the amount of this verdict in the usual and ordinary way. No valid objections to the verdict can be established upon this ground.

It is further claimed that there is no suffi-cient proof of the contract claimed. We think counsel is in error on this proposition and that some of the evidence tends to prove the validity of the contract, and whether that evidence was to be accepted by the jury was a question for its consideration. We can have no objections to the verdict upon this ground.

Again it is claimed that there was no sufficient proof of damages. There was testimony offered in the case tending to support the claim for damages. There was other evidence offered tending to prove such vagueness in the contract as would not justify the verdict. We are of opinion, however, that the jury had a right to determine as to the evidence and that its verdict can not be impeached except by showing that it is manifestly contrary to the weight of the evidence.

The next question relates to the alleged public policy. The testimony offered by the plaintiff Van Camp did not disclose that there was a contract which involved the question of public policy.   The evidence simply showed that the contract between Van Camp and Edgington was as to Van Camp's furnishing asphaltic substance used in the making of roads in case Edgington received the contract. In this evidce there was no suggestion that the contract was against public policy. The evidence on behalf of the defendant tended to prove that coupled with the contract of Van Camp for furnishing the asphaltic contents for the road was that in consideration that Van Camp would not be a bidder on the road that Edgington agreed to enter into a contract with Van Camp for the furnishing of said asphaltic contents at six cents per gallon. It is claimed that this was one cent per gallon above the actual cost of the material. We are of opinion that this latter feature is not important. If it was proven that the two propositions for contracts were so connected as to make the actual contract between Edgington and Van Camp in violation of public policy, the defense is made out. We have carefully read the record upon this point and can not reach the conclusion that the contract against public policy has been established or that the verdict is contrary to the weight of the evidence upon such issue.

The next question relates to the sufficiency of the charge. We have carefully read the charge and find that the court very fully and carefully instructed the jury, and that his instructions are free from prejudicial error.   Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.